UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON M. ZUNDEL

        Plaintiff,

v.                                 CASE NO. 8:05-CV-1063-T-23MAP

JO ANNE BARNHART,
Commissioner of the Social
Security Administration,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

The district judge remanded this matter to me "for consideration of the plaintiff's particularized objections (Doc. 12)" to my report and recommendation dated August 4, 2006, which I take as a referral inviting my reconsideration.  In that report, I recommended, after considering the plaintiff's eight claimed errors, the district judge dismiss her complaint challenging the Commissioner's denial of social security benefits (Doc. 11).  She now raises five objections to that report.  Although some of her arguments are difficult to follow, in the main she reiterates the arguments of her initial memorandum (Doc. 7).  Only one objection is of any consequence – whether the plaintiff possesses the residual functional capacity (RFC) to work an eight-hour day as the ALJ decided.  Initially, I concluded the ALJ had correctly applied the regulations and supported his findings by substantial evidence on this issue.  But after considering plaintiff's renewed argument and reevaluating the record, I find the administrative record to be unclear.  Consequently, I recommend the district judge remand the matter to the Commissioner with directions to clarify whether the plaintiff possessed the RFC to perform sedentary work after July 3, 2000, the date on which her condition worsened according to the

ALJ.  *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990) (the Commissioner's failure

to apply the correct legal standards or to provide the reviewing court with sufficient basis for a

determination of that proper legal principles have been followed mandates reversal).

    *A.  Standard of Review*

    The Social Security Administration, in order to regularize the adjudicative process, has

established a "sequential evaluation process" to determine whether a claimant is disabled.  20

C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential

review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Thus, the

Commissioner must determine in sequence the following: whether the claimant is currently

engaged in substantial gainful activity; whether the claimant has a severe impairment, ie., one

that significantly limits the  claimant's ability to perform work-related functions; whether the

severe impairment meets or equals  the medical criteria of Appendix 1, 20 C.F.R. Subpart P;

and whether the claimant can perform her past relevant work.  If the claimant cannot perform

the tasks required of his or her prior work, step five of the evaluation process requires the ALJ

to decide if the claimant is capable of performing other work in the national economy in view

of his or her age, education and work experience.  A claimant is entitled to benefits only if

unable to perform other work.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*,

482 U.S. 137 (1987).

    In reviewing the Commissioner's decision, the district court may "may not decide the

facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).  Rather, the court must defer to

the Commissioner's decision if it is supported by substantial evidence.  *Id.* "Substantial evidence

2

is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). "If the Commissioner's decision is supported by substantial evidence [the court] must affirm, even if the proof preponderates against it." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir.1996). This restrictive standard applies only to findings of fact and not the Commissioner's conclusions of law, including the proper standard to applied in reviewing claims. *Brown v. Sullivan,* 921 F.2d 1233, 1235-36 (11th Cir. 1991).

   *B. Background* [1]

   Plaintiff has suffered from diabetes since childhood. And this is the second time she has sought judicial review of a denial of Social Security benefits for a disability onset date beginning January 1, 1997. On her first administrative effort, the ALJ determined she could perform light work and therefore return to her previous job, a cashier.[2] But this Court remanded the matter administratively for further consideration given her recent diagnosis of hepatitis C, the side effects of her medications for treating that disease, and the combined consequences of all this on her other impairments. *See Zundel v. Barnhart,* Case No. 8:00-cv-2277-T-27MAP at Docs. 12 and 13.[3]

   At the second administrative hearing, the plaintiff, now thirty-seven years old, testified she has pain from her knees to her toes, from her elbows to the ends of her fingers, her right

---

   [1] Although this section of my report essentially repeats the "background" section of my previous report, I have added details to give further context to the plaintiff's objections and my treatment of those objections.

   [2] Plaintiff completed the eleventh grade and later earned a high school equivalency degree. She has prior work experience as a cashier and a waitress.

   [3] These records are included in the administrative record at R. 303-309.

shoulder and neck, uncontrolled diabetes, and her lower right back and ranks her pain as a 10 on a scale of 1 to 10.  Her medical history noted diabetes since age six, problems with drinking alcoholic beverages, a car accident in 1993 causing her back and right shoulder pain and painful neuropathy, and heel spurs requiring a cast on her right leg.  She takes Vicoden (for pain), Maxzide (a water pill), Covera (for high blood pressure), Xanax (for anxiety), Lantus, and Humalog (both insulin for diabetes). She testified that the pain medications cause nausea and diarrhea.  She claimed she is incapable of sitting for six hours of an eight-hour workday because she has to get up and move around after fifteen to thirty minutes of sitting due to her neuropathy related cramps.  The same occurs when she stands; after standing for fifteen to thirty minutes she must sit.  Her neuropathy interferes with her sleep and her ability to grip and hold items with her hands.  Plaintiff cares for herself and prepares her own meals, mostly frozen microwave dinners. She does not grocery shop, does not have any hobbies, does not socialize, has difficulty driving her car due to her heel spurs, but has maintained a relationship with her boyfriend for several years.  Plaintiff testified she is depressed and suffers from anxiety, causing a decrease in her energy level and weight gain.

Based on the administrative record, the ALJ made separate temporal determinations about plaintiff's ability to work.  In making these findings, the ALJ rejected in part the severity of plaintiff's subjective complaints.  Accordingly, from January 1, 1997, through July 3, 2000, the ALJ concluded the plaintiff suffered from the following severe impairments: diabetes mellitus, diabetic neuropathy, history of mild diabetic rentinopathy (treated and essentially asymptomatic), asymptomatic Hepatitis C.  None of these impairments or in combination met the listings.  And through this period, the plaintiff

4

possessed the residual functional capacity (RFC) to perform light work as defined in the regulations.[4]

This finding is the same one the ALJ made before the remand.  Per this Court's instructions on remand, the ALJ reviewed the plaintiff's hepatitis C history and concluded that it did not alter his initial finding – that she possessed the RFC to perform her prior work as a cashier.  Notably, the ALJ explicitly outlined his reasoning and the evidentiary support for his conclusion.  In short, the ALJ's decision as it relates to benefits between January 1, 1997 (her disability onset date), through July 3, 2000, is supported by substantial evidence, and the plaintiff's objections otherwise are not persuasive.

After July 3, 2000, the plaintiff's condition, particularly her neuropathy, worsened.  Accordingly, the ALJ found that from July 4, 2000, through the present, the plaintiff suffered from the same severe impairments as before noted.  He also added other severe impairments and changes from his previous temporal findings: bilateral plantar fascitis, diabetic neuropathy with increased numbness in her hands and feet, and treated but still asymptomatic hepatitis C.  Like before, none of her impairments or in combination met the listings.  Yet, unlike his previous finding that she could return to her previous work (a step four finding), the ALJ decided plaintiff could no longer perform her past relevant work

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  *See* 20 C.F.R. §§ 404.1567(b) and 416.967(b).

because "her additional nonexertional impairments and/or restrictions reduce [her] residual functional capacity to less than a full range of sedentary work." *See* R. 293 at ¶ 8.[5]  Based on a vocational expert's testimony, however, the ALJ determined (at step five of the sequential analysis) the plaintiff could make a vocational adjustment to work which existed in the national economy.  It is this issue that requires remand for clarification.

    *C. Plaintiff's Objections[6]*

        *1. step five and the application of Social Security Rulings*

Plaintiff claims the ALJ erred by failing to properly assess her residual functional capacity as set forth in SSR 96-8p and SSR 96-9p.[7]  Essentially, she argues the ALJ should have found her incapable of performing work-related activities on "a regular and continuing basis" for

---

[5]  Sedentary work is defined as: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *See* 20 CFR §§ 404.1567(a) and 416.967(a).

[6]  Plaintiff's initial eight assignments of error take a shotgun approach to the ALJ's ruling.  This gives rise to the Eleventh Circuit's admonition in *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); namely, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision so long as his decision is not a broad rejection interfering with the court's determination of whether the ALJ considered her medical condition as a whole.  Most of her current objections to my report she raised previously, and I adequately addressed them there.  I find it necessary to only address two of her objections in this report.  The first one (at step five) is of consequence; the other I include because it deserves further clarification from my initial report.

[7]  SSR 96-8p sets out the Administration's policies regarding the assessment of RFC in initial claims for disability benefits.  As that ruling pertains here, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, namely: 8 hours a day, for 5 days a week, or an equivalent work schedule.  SSR 96-9p  explains the Administration's policies regarding the impact of an RFC assessment for less than a full range of sedentary work.

eight hours a day.  The ALJ adopted the assessment of the consultative physician (Perez-Arce) who opined that plaintiff could stand and/or walk "at least 2 hours in an 8-hour workday" and sit for "less than about six hours in an 8-hour workday."  R. 325-26.  This conclusion suggests, at least on its face, that plaintiff could, at best, perform less than a full range of sedentary work. *See* SSR 83-10 (clarifying the activities needed to carry out the requirements of sedentary work, and stating that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday").  Nevertheless, as plaintiff argues, the consultant's assessment (using a Social Security physical assessment evaluation form) implies something less than an 8-hour workday in contradiction to SSR 96-8p.

During the administrative hearing, this issue surfaced.  When confronting the vocational expert with these limitations, the ALJ asked the expert to assume the plaintiff could work a full 8-hour day.  With her exertional and non-exertional limitations and educational background, the expert concluded she could perform sedentary jobs like parking lot cashier, gate guard, security monitor, and information clerk, all work that was less than a full range of sedentary work (i.e., SSR 96-9p).  The ALJ, however, did not support his assumption, that she could work a full 8-hour day, with any substantial evidence.  He did not refer, for example, to her daily activities or give reasons for discrediting her testimony beyond the limitations recognized by the medical examiner's physical assessment.  Because the record is unclear on this point, a remand for clarification is required.  *See e.g. Lawson v. Barnhart*, 455 F.Supp.2d 747, 767 (N.D. Ill 2006) (remanding for clarification because record unclear as to whether plaintiff could perform sedentary work when doctors had found she could stand and/or walk for less than two hours and

sit for up to six hours in an eight hour workday).

While remand is appropriate, the temporal scope at issue is limited because the ALJ's decision denying benefits for a disability onset occurring between January 1, 1997, and July 3, 2000, is supported by substantial evidence.  Only the ALJ's decision about a potential disability onset after July 3, 2000, requires clarification.[8]

  2.  *past relevant work as cashier*

Plaintiff argues that the ALJ erred in determining she is capable of performing a full range of light work, including her past work as a cashier, for the time period of January 1, 1997, through July 3, 2000, because her work as a cashier does not qualify as substantial gainful activity ("SGA").  Although her argument is difficult to comprehend, I believe she asserts that 1985 was the only year her earnings qualified as SGA and she did not work as a cashier until 1995 (doc. 7, p. 4; doc. 12, p. 4).  This information conflicts with the disability report she completed that indicates she worked as a waitress/ cashier from 1993 through 1997 for five days a week, earning $5.25 to $6.50 an hour.  In the report, she listed "cashiering- running register" as her first basic job duty.  *See* R. 70.

For prior employment to be considered prior work experience under the Social Security Act the job must have been done within the last fifteen years of the date last insured, lasted long enough for the claimant to learn to do it, and the job must have qualified as SGA.  20 C.F.R. §

_____

  [8]  Plaintiff filed applications for both disability insurance benefits and supplemental security income benefits.  To be entitled to disability insurance benefits, she needed to show she became disabled on or before the last date for which she was insured, namely June 30, 1997 (*see* Doc. 12), which she did not do.  42 U.S.C. § 423; *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).  For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file.  20 C.F.R. § 423(a)(1)(A); *Moore.*

404.1565(a).  In order for earnings to show that work activity qualifies as SGA, earnings must be at least five hundred dollars per month.  20 C.F.R. § 404.1574(b)(2)(vii).  Since Plaintiff's date last insured, per the ALJ, was June 30, 1997 (R. 292), Plaintiff's cashiering job qualifies as SGA.[9]

> ### D.  Conclusion

 For the reasons stated, it is

RECOMMENDED:

1.  The Clerk is directed to enter judgment for the Plaintiff.

2.  This matter is REMANDED to the Commissioner for clarification as outlined in this report.

IT IS SO REPORTED at Tampa, Florida, on January 11, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted, or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

Copies furnished to:
The Hon. Steven D. Merryday
Counsel of Record

---

[9]  At a rate of $5.25 an hour, Plaintiff would only have needed to work 95 hours an entire month to earn the $500 per month minimum required for SGA.  She could have met this requirement by working about five hours a day for five days each week.